IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cr-00016 |
| | ) | |
| | ) | Judge Trauger |
| MACARDELL DOBBINS | ) | |

**ORDER**

Before the Court is a letter from defendant Macardell Dobbins asking about the possibility of a reduction in sentence pursuant to "new Amendment 782." (ECF 97.) The United States, construing the letter as a motion to reduce sentence under 18 U.S.C. § 3582(c), has responded to the motion, opposing it on the basis that it is premature. (ECF 98.)

Insofar as the letter may be construed as a motion for reduction in sentence, the court agrees that the motion is premature. Proposed Amendment 782 to the United States Sentencing Guidelines, if implemented, will revise the Drug Quantity Table in USSG § 2D1.1 and reduce by two levels the offense level applicable to many drug-trafficking offenses. It will also apply retroactively. Amendment 782, however, has not yet gone into effect. If Congress does not act before that time to modify or disapprove it, the Amendment will become effective on November 1, 2014. Even assuming the Amendment becomes effective, no defendant may be released on the basis of the retroactive amendment before November 1, 2015. In other words, as the United States points out, there will be ample time for consideration of a request for appointment of counsel, if necessary, and a motion for reduction in sentence if and when the amendment becomes effective.

The motion (ECF 97) is **DENIED WITHOUT PREJUDICE** to the defendant's ability to re-file it after November 1, 2014.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge